# United States Court of Appeals

## For the First Circuit

No. 02-1852

NYDIA ESTADES-NEGRONI,
Plaintiff, Appellant,

v.

THE ASSOCIATES CORPORATION OF NORTH AMERICA,
ASSOCIATES FINANCIAL SERVICES,
ASSOCIATES FIRST CAPITAL CORPORATION,
ASSOCIATES CORPORATION OF PUERTO RICO, INC.,
Defendants, Appellees.

---

ERRATA SHEET

The opinion of this Court issued on October 1, 2003 is amended as follows:

On p. 8, ll. 16-22 - **Replace** "'To survive summary judgment, the employee must first either present direct evidence of discrimination or make out a prima facie case of discrimination" under the familiar McDonnell Douglas burden-shifting paradigm. Bramble v. American Postal Workers Union, Providence Local, 135 F.3d 21, 25 (1st Cir. 1998); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).'" **with** "In Desert Palace, Inc. v. Costa, 123 S. Ct. 2148 (2003), decided after the district court order in this case, the Supreme Court held that "direct evidence" is not required to prove employment discrimination in a mixed-motive case. Accordingly, we must consider both "direct evidence," see Vesprini v. Shaw Contract Flooring Servs., 315 F.3d 37, 41 (1st Cir. 2002) (noting that "the term 'direct evidence' normally contemplates only those statements by a decisionmaker that directly reflect the alleged animus and bear squarely on the contested employment decision") (internal quotation marks and citations omitted), and circumstantial evidence."

On p. 8, l. 23 - p. 9, l. 4 - **Delete from** "In the discrimination context" **to and including** "quotation marks and citations omitted)."

On p. 9, l. 7 - **Replace** the word "direct" **with** "sufficient".

On p. 10, l. 14 – **Insert** the words "mixed-motive" **between** "a" and "case".

On p. 10, l. 14 – **Delete** the words "based on direct evidence".

On p. 10, l. 15 – **Delete** the word "direct".

On p. 11, l. 4 – **Replace** the word "judgments" **with** "judgment".

On p. 11, l. 5 – **Replace** "_See_, _e.g._," **with** "_Cf._".